UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW D. AREMAN, ESQUIRE
MARKOWITZ & RICHMAN
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3100
    Attorney for Plaintiff

_____
:
WILLIAM J. EINHORN,  :
ADMINISTRATOR OF THE  :
TEAMSTERS PENSION TRUST FUND  :
OF PHILADELPHIA AND VICINITY  :
6981 N. Park Drive  :
Suite 400  :    Civil Action No. _____
Pennsauken, NJ 08109  :
:
    Plaintiffs,  :
:
    v.  :    **COMPLAINT**
:
DUBIN BROTHERS LUMBER CO., INC.  :
d/b/a SUBURBAN LUMBER CO.  :
710 Newton Avenue  :
Oaklyn, NJ 08107  :
:
    Defendant.  :
_____:

    The plaintiff, William J. Einhorn, Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity, by and through his attorney, Matthew D. Areman of Markowitz & Richman, complaining of the defendant, Dubin Brothers Lumber Co., Inc. d/b/a Suburban Lumber Co., respectfully alleges the following:

**NATURE OF THE CLAIMS**

1. This action is commenced, in part, to collect withdrawal liability in the amount of $209,956.78, as determined under Section 4201 of ERISA, 29 U.S.C. §1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(e), incurred by Dubin Brothers Lumber Co., Inc. d/b/a Suburban Lumber Co. (hereinafter "Suburban Lumber").

2. Suburban Lumber incurred the aforementioned withdrawal liability when it withdrew completely from the Teamsters Pension Trust Fund of Philadelphia and Vicinity ("The Plan"), a multiemployer pension plan.

3. This action is further commenced to collect $4,218.97 owed to the Plan by virtue of a May 25, 2011 settlement agreement entered into by and between the parties.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

5. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Plan is administered in the District of New Jersey, at 6981 N. Park Drive, Suite 400, Pennsauken, NJ 08109.

6. In accordance with Section 4301(g) of ERISA, 29 U.S.C. §1451(g), defendants will serve the Pension Benefits Guaranty Corporation ("PBGC") with a copy of this Claim.

## PARTIES

7. The Teamsters Pension Trust Fund of Philadelphia and Vicinity is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

8. The plaintiff, William J. Einhorn, is the Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity and a fiduciary of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  The plaintiff administers the Plan at 6981 N. Park Drive, Suite 400, Pennsauken, NJ 08109.

9. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), the plaintiff is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

10. Suburban Lumber is a New Jersey corporation, having a place of business at 710 Newton Ave., Oaklyn, NJ 08107.

11. Suburban Lumber, at all times relevant hereto, has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

12. Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## COUNT ONE
## LIABILITY OF SUBURBAN LUMBER FOR FAILURE TO COMPLY WITH THE TERMS OF ITS SETTLEMENT AGREEMENT

13. Suburban Lumber has participated in, and contributed to, the Plan pursuant to the terms of a series of a series of collective bargaining agreements between itself and the International Brotherhood of Teamsters, Local Union No. 676 (hereinafter "Union") [ A copy of the most recent collective bargaining agreement is attached as Exhibit A].

14. Participating employers in the Plan are bound by the terms of the Plan.

15. On or about May 28, 2009, it was determined by the Fund that Suburban Lumber had effected a complete withdrawal from the Plan, as that phrase is defined in 29 U.S.C. 1383(a), on or about December 15, 2008.

16. Suburban Lumber failed and/or refused to make its required withdrawal liability payments to the Plan.

17. As a result of Suburban Lumber's failure to make its required withdrawal liability payments to the Plan, on or about October 7, 2010, the Trustees of the Plan filed a Complaint in the United States District Court for the District of New Jersey to collect the aforementioned withdrawal liability (USDC Dkt. No. 10-5149).

18. In May of 2011, the parties entered into a Settlement Agreement wherein Suburban Lumber: 1) acknowledged its obligation to make timely contributions to the Plan pursuant to its agreement with the Union; and 2) agreed to make retroactive pension contributions to the Plan in accordance with its agreement with the Union [A copy of the Settlement Agreement is attached as Exhibit B].

19. The dollar amount of the retroactive pension contribution payable pursuant to the aforementioned Settlement Agreement was $9,218.97 [January 11, 2012 Letter From Suburban Lumber attached as Exhibit C].

20. As a result of the parties' agreement, as memorialized by the Settlement Agreement, the Trustees of the Plan filed a voluntary dismissal of its Complaint (USDC Dkt. No. 10-5149).

21. On or about November of 2011, Suburban Lumber made a payment of $1,000.00 toward the $9,218.97 owed to the Plan, and monthly payments of $1,000.00 continued, albeit not always in a timely fashion, until March of 2012, when payments ceased.

22. In total, Suburban Lumber made payments totaling $5000.00 toward the $9,218.97 owed to the Plan, leaving $4,218.97 due and owing under the terms of the Settlement Agreement.

23. Suburban Lumber has violated the terms of the settlement agreement by failing to make its installment payments for the months of April, 2012 through August, 2012, which constitutes a material breach of said Agreement.

WHEREFORE, the Plaintiff requests that judgment be entered against Suburban Lumber and in favor of the Plaintiff in the amount of $4,218.97, plus interest, attorney's fees and the costs of this lawsuit, as well as for such other legal and equitable relief as the Court deems appropriate.

**COUNT TWO**
**VIOLATION OF ERISA**

24. Paragraphs 1 through 23 of this Complaint are re-alleged as though fully set forth herein.

5

25. On or about April 18, 2012, it was determined by the Fund that Suburban Lumber had again effected a complete withdrawal from the Plan, as that phrase is defined in 29 U.S.C. 1383(a), this time during the 2011 plan year.

26. Suburban Lumber effectuated a complete withdrawal from the Fund by permanently ceasing to have an obligation to contribute under the plan.

27. By completely withdrawing from the Plan, Suburban Lumber incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

28. On April 18, 2012, the Plan, by way of a letter, demanded payment of Suburban Lumber's withdrawal liability, which was computed as $209,956.78, payable in thirty-two (32) quarterly installments of $8,558.48 and a final quarterly payment of $218.39, commencing on June 17, 2012 [April 18, 2012 Letter Attached as Exhibit D].

29. On June 20, 2012, having not received any payment from Suburban Lumber, the Fund, by way of letter, demanded the that Suburban Lumber make its required payments within sixty (60) days [June 20, 2012 Letter Attached as Exhibit E].

30. Suburban Lumber, thereafter, failed and/or refused to make its required withdrawal liability payments to the Fund.

31. On August 21, 2012, the Fund, by way of letter, notified Suburban Lumber that its failure to make timely withdrawal liability payments to the Fund resulted in a default [August 21, 2012 Letter Attached as Exhibit F].

32. Suburban Lumber has never filed a demand for arbitration or otherwise initiated arbitration procedures within the timeframes established in 29 U.S.C. §1401.

33. To date, neither Suburban Lumber nor any affiliated person or entity has made any payments toward the assessed withdrawal liability.

34. The outstanding withdrawal liability is $209,956.78.

**WHEREFORE**, plaintiffs respectfully request that this honorable court:

(a) Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b) Enter an Order declaring Suburban Lumber liable for the assessed withdrawal liability;

(c ) Enter an Order for judgment in favor of the plaintiffs and against Suburban Lumber in an amount equal to the assessed withdrawal liability (i.e., $209,956.78), plus interest and liquidated damages;

(d) Enter an Order directing Suburban Lumber to pay to plaintiffs all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(g) Award plaintiffs such other and further relief as may be just, necessary and proper.

Respectfully submitted,

MARKOWITZ & RICHMAN

/s/   Matthew D. Areman
Matthew D. Areman (MA-1298)
123 South Broad Street
Philadelphia, PA 19109
215-875-3100

Attorneys for Plaintiff

Dated: November 2, 2012